**Edwin S. HOPPER, Plaintiff,**

v.

**Douglas R. DRYSDALE, James J. Screnar and Michael D. Cok, Defendants.**

**No. CV–80–144–GF.**

United States District Court, D. Montana, Great Falls Division.

Oct. 8, 1981.

---

John C. Hoyt, Hoyt & Trieweiler, Great Falls, Mont., for plaintiff.

Robert J. Emmons, Great Falls, Mont., for defendants.

## MEMORANDUM

HATFIELD, District Judge.

Plaintiff, Edwin S. Hopper, filed the present action seeking damages for what this court perceives as a tort for malicious abuse of process founded on the actions of the defendant attorneys. The actions complained of consist of the filing of notice and taking of the deposition of the plaintiff in a civil suit for the ulterior motive of having the plaintiff arrested for an outstanding contempt violation issued in an unrelated proceeding.

The defendants have countered by filing a motion for summary judgment contending, in essence, that the arrest complained of was the result of lawful actions done by the state district court judge who issued the contempt citation which served as the basis of plaintiff's arrest.

The matter, having been fully briefed by both parties, is ripe for disposition.

Jurisdiction vests in this court pursuant to 28 U.S.C. § 1332(a).

## FACTUAL BACKGROUND

Clarification of events which culminated in the plaintiff's arrest for contempt is necessary to the disposition of the motion at issue.

On April 9, 1976, Voga Hopper (wife of the plaintiff) filed a petition for dissolution from the plaintiff, Edwin Hopper, in State District Court, Gallatin County, Montana (hereinafter the "dissolution"). Voga Hopper and Edwin Hopper executed a property settlement and support agreement which was incorporated into the decree of dissolution entered July 19, 1976 by the state district court judge.

Edwin Hopper subsequently filed an action to have the property agreement so executed set aside as unconscionable. The district court failed to set aside the agreement and that decision was upheld on appeal to the Montana Supreme Court. *Hopper v. Hopper*, Mont., 601 P.2d 29, 36 St. Rep. 1695 (1979).

On December 6, 1979, Edwin Hopper filed suit (hereinafter the "fraud action") in State District Court, Flathead County, Montana, naming Lyman H. Bennett (attorney for Voga Hopper in the dissolution) and Voga Hopper as defendants, alleging fraud on the part of the defendants in conjunction with the dissolution. The fraud action was subsequently removed to Gallatin County.

In light of the fact that Edwin Hopper failed to comply with the dissolution decree, Voga Hopper petitioned the court to hold Edwin Hopper in contempt. By order dated March 29, 1980, the state district judge

required Edwin Hopper to comply with the terms of the dissolution decree within twenty (20) days.

On April 16, 1980, Voga Hopper filed an affidavit with the state district court alleging that Edwin Hopper was in violation of the court's order of March 29, 1980, petitioning the court to find Edwin Hopper in contempt.

The state court district judge ordered Edwin Hopper to appear before the court on July 9, 1980, and show cause why he should not be held in contempt. Edwin Hopper was personally served in the State of Idaho, but failed to appear at the show cause hearing. Following the hearing, the state district judge found Edwin Hopper in contempt and ordered him arrested and jailed for a period of five (5) days if he failed to purge himself within ten (10) days by furnishing security for the money found to be owing under the dissolution decree.

As noted, at this time Edwin Hopper was residing in the State of Idaho and hence was not within the jurisdiction of the state district court.

In October of 1980, the defendants, as counsel for Voga Hopper in the fraud action filed by Edwin Hopper, gave notice of the taking of Edwin Hopper's deposition. The deposition was set for December 12, 1980 in Bozeman, Montana.

Subsequent to the noticing of this deposition, defendants herein notified the state district judge that Edwin Hopper would be in Bozeman, Montana on December 12, 1980. On December 9, 1980 the state district judge issued a bench warrant for the arrest of Edwin Hopper arising out of the contempt order of July 9, 1980, which was delivered to the Gallatin County, Montana, sheriff by defendant herein, Michael Cok, on December 12, 1980. Mr. Cok instructed the sheriff not to deliver the warrant until he received a phone call from the defendants' office.

Edwin Hopper appeared for the deposition as scheduled and was deposed by defendant herein, Douglas Drysdale. After Douglas Drysdale completed his deposition of Edwin Hopper, a recess was had, during which time Douglas Drysdale phoned defendant Michael Cok, who in turn notified the sheriff's office to proceed with service of the aforementioned arrest warrant.

Edwin Hopper was arrested and incarcerated in the Gallatin County Jail.

DISCUSSION

Plaintiff Edwin Hopper filed the present action alleging that the actions of the defendant attorneys constituted abuse of process and as such he maintains he is entitled to damages.

Defendants contend that they may not be subjected to suit for the issuance of a warrant of arrest ordered to be prepared and signed by a state district court judge. Therefore defendants move this court to grant their motion for summary judgment.

Review of the events which transpired leads this court to conclude that the defendants' motion for summary judgment must be denied.

It certainly cannot be argued that the state district judge was not responsible for the issuance of the arrest warrant, however it is not that point upon which this court now focuses. Rather, the alleged conduct of the defendants which this court finds may well serve as the basis for the present action is the noticing and taking of Edwin Hopper's deposition.

 An action for abuse of process arises when legal processes, whether civil or criminal, are used against another to accomplish a purpose for which it is not designed.[1] The essential elements of the tort of abuse of process involve: (1) that the process though properly instituted was predicated on an ulterior motive; (2) that such process was put to an illegal use or perverted beyond its intended purpose; and (3) the plaintiff or his property was arrested or seized.[2]

1. *Sachs v. Levy*, 216 F.Supp. 44, 46 (E.D.Penn. 1963).

2. *Mina v. Melnick*, 222 F.Supp. 92 (E.D.Penn. 1963).

Although the giving of notice that a deposition will be taken is not "process" in the strictest sense of the word, it has been acknowledged that in a proper case an abuse of the powers that a litigant derives from the taking of a deposition on proper notice gives such notice the status of "process" for the purpose of the tort of abuse of process.[3]

This court is of the opinion that abuse of the power granted under Rule 30, Montana Rules of Civil Procedure, relating to depositions, may serve as the basis for the tort of abuse of process. This determination is based on what this court perceives as one of the primary functions of the tort of abuse of process in the civil context, that being maintenance of the integrity of civil proceedings.

With the aforementioned proposition in mind this court sees no valid distinction between the abuse of civil service and abuse of noticing a deposition within a civil suit. Both represent potential damage to the integrity of civil proceedings. Abuse of the authority to notice and take depositions by using that authority to accomplish an ulterior motive is conduct which cannot be condoned, and a party who suffers from such abuse must be given a cause of action via the tort of abuse of process.

The determination having been made that abuse of the authority to notice and take depositions may serve as the basis for the tort of abuse of process, the present situation is brought into proper perspective.

The abuse that the plaintiff Edwin Hopper complains of is the noticing of his deposition by the defendant attorneys for the ulterior motive of having him present in the jurisdiction of Gallatin County so that he could be arrested on the outstanding contempt order. The fact that the arrest warrant was validly issued by a state district court judge is not determinative of that issue, since the gravamen of plaintiff's action focuses on the abuse in noticing his deposition.

**3.** *Thornton v. Rhoden,* 245 Cal.App.2d 80, 53 Cal.Rptr. 706 (1966).

The facts as alleged convince this court that, if proven, the essential elements of the tort of abuse of process would be satisfied. Specifically, (1) the process was predicated on an ulterior motive, (2) the process was put to a use perverted beyond its intended purpose, and (3) the plaintiff was arrested.

The issue of whether the conduct of the defendant attorneys constituted abuse of process for which the plaintiff is entitled to compensation is factual in nature and hence, remains to be determined by the trier of fact. Therefore, disposition via summary judgment is inappropriate and defendants' motion to that effect must be denied.

An appropriate order shall issue.