Strafford
No. 90-447

FRANCIS LONG

v.

HELEN LONG, JOSEPH RUBINO, AND C. JEANNE MACLENNAN

July 23, 1992

*Shaheen, Cappiello, Stein & Gordon,* of Dover and Concord (*Peter G. Callaghan* on the brief and orally), for the plaintiff.

*Elizabeth Cazden,* of Manchester, and *Law Offices of Florence K. Parker,* of Concord (*Florence K. Parker* and *Ms. Cazden* on the defendants' joint brief, and *Ms. Parker* orally for all defendants), for defendant Helen Long.

*Rinden Professional Association,* of Concord (*Paul A. Rinden* on the defendants' joint brief and orally for all defendants), for defendant Joseph K. Rubino.

*Barto and Puffer P.A.*, of Concord (*Mark H. Puffer* on the defendants' joint brief), for defendant C. Jeanne MacLennan.

BATCHELDER, J.  The plaintiff, Francis Long, appeals the Superior Court's (*Dickson*, J.) decision granting the defendants' motion for summary judgment in the plaintiff's action in tort for abuse of process. The defendants are Helen Long, the plaintiff's ex-wife; Joseph Rubino, Helen's son; and C. Jeanne MacLennan. The plaintiff objects to the granting of summary judgment on both procedural and substantive grounds. We find no procedural error, and hold that, as a matter of law, no process was abused. We therefore affirm.

The facts material to our decision are as follows. During the plaintiff's and Helen's divorce suit in 1988, the superior court ordered the plaintiff to pay alimony "upon verified notification by [Helen] that she is moving into an apartment." Soon afterwards, she requested alimony, supporting her claim for payment with a signed apartment lease which she now admits she fabricated. The plaintiff suspected deception and refused to pay. Ms. Long filed a motion for contempt, but withdrew it one week later, apparently after the plaintiff hired a private investigator and exposed the ruse. The superior court never took any action on the motion.

The plaintiff, alleging that Rubino and MacLennan helped Ms. Long forge the bogus lease, sued all three defendants for fraud. The defendants responded by filing individual motions for summary judgment, accompanied by supporting affidavits. The plaintiff objected, filed counter-affidavits, and moved to add a second count to his writ, alleging abuse of process based on Ms. Long's filing of the motion for contempt. The court allowed the plaintiff's amendment at a hearing and heard arguments on the motions for summary judgment. Each defendant orally requested summary judgment on both counts of plaintiff's amended writ, but none filed additional supporting affidavits. The court granted the defendants' motions for summary judgment, stating that "[n]o genuine issues of material fact exist as to detrimental reliance or as to damages . . . [,] essential elements in maintaining Counts I and II." The plaintiff appealed only the lower court's summary judgment on Count II, the abuse of process claim.

Before this court, he argues first that none of the parties moved for summary judgment on the abuse of process claim and, therefore, the superior court lacked authority to grant summary judgment on that count. The question whether a court may grant

summary judgment *sua sponte* is not before us, however, because the transcript of the parties' hearing plainly reveals each defendant orally moving for summary judgment on both counts. RSA 491:8-a, governing summary judgments, does not condition invocation of the procedure upon written motions. *CF.* R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1036, at 32 (1984) (party may move for summary judgment at any time after defendant has filed a general appearance, even during trial).

The plaintiff also contends that summary judgment was inappropriate because the defendants failed to file affidavits supporting their oral motions for summary judgment on the abuse of process claim. *See* RSA 491:8-a, II. Again, we find the plaintiff's reading of RSA 491:8-a too restrictive.

"A party . . . need not attach a different affidavit to every summary judgment motion it files in a given case; it is sufficient for the purpose of RSA 491:8-a, II that such a motion is adequately supported by an affidavit already on file with the court in that case, irrespective of which party filed it, as 'summary judgment is to be granted or denied based on the entire record before the court,' *Brown v. John Hancock Mut. Life Ins. Co.*, 131 N.H. 485, 491, 558 A.2d 822, 825 (1989); *see* RSA 491:8-a, III."

*Pella Windows and Doors v. St. Mary's Bank*, 133 N.H. 582, 584, 580 A.2d 730, 732 (1990).

The plaintiff alleged no facts that could entitle him, as a matter of law, to judgment on the abuse of process claim. Moreover, the affidavits already filed by the defendants on the fraud count relate to the factual scenario—the fabrication of the apartment lease—that forms the basis of the plaintiff's abuse of process claim. Accordingly, we hold that these affidavits adequately supported the defendants' motions for summary judgment on the abuse of process count as well as the fraud count. *See id.* The defendants were not required to file additional affidavits.

The plaintiff next asserts that the superior court erred in holding detrimental reliance and damages to be essential elements of an abuse of process claim. Assuming *arguendo* that the court's reasoning was faulty, we may nonetheless affirm the result if a valid alternative ground for it exists. *See Catalano v. Town of Windham*, 133 N.H. 504, 508, 578 A.2d 858, 861 (1990). We hold that the defendants were entitled to summary judgment as a matter of law because

the plaintiff failed to allege any facts that could support an abuse of process claim. Because a valid alternative ground exists for the superior court's ruling, no claim of error in the court's reasoning can justify reversal.

Finally, we reach the plaintiff's claim that, because a genuine issue of material fact existed for trial, and because the defendants were not entitled to judgment as a matter of law, the superior court erroneously granted summary judgment. *See* RSA 491:8-a, III. The defendants respond that the plaintiff failed to present a triable issue of fact on any of the elements of abuse of process and that therefore summary judgment was proper.

■ An examination of our earlier cases reveals that this court has never been required to precisely define the tort of abuse of process. *Cf. McGranahan v. Dahar*, 119 N.H. 758, 768, 771–72, 408 A.2d 121, 128, 129–30 (1979) (setting forth some, but not all, elements of abuse of process; elements of "wrongful civil proceedings" outlined); *Amabello v. Colonial Motors*, 117 N.H. 556, 558, 374 A.2d 1182, 1183–84 (1977) (discussing definition of "process," but not delineating other elements of tort); *Friel v. Plumer*, 69 N.H. 498, 499, 43 A. 618, 618–19 (1898) (discussing "malicious abuse of process," but setting forth few elements of tort). We adopt the definition of the tort given in section 682 of the Restatement (Second) of Torts and accepted by both the plaintiff and the defendants: "One who uses a legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it is not designed, is subject to liability to the other for harm caused by the abuse of process." RESTATEMENT (SECOND) OF TORTS § 682, at 474 (1977); *cf. Weiss-Lawrence, Inc. v. James Talcott, Inc.*, 399 F. Supp. 84, 92 (D.N.H.) (definition of tort found in § 682 of tentative draft of Restatement (Second) of Torts "substantially in line with New Hampshire law"), *aff'd*, 527 F.2d 643 (1st Cir. 1975). A party claiming abuse of process must prove the following elements: (1) a person used (2) legal process, whether criminal or civil, (3) against the party (4) primarily to accomplish a purpose for which it is not designed and (5) caused harm to the party (6) by the abuse of process.

■ Comment a to section 682 explains the purpose of this cause of action.

> "The gravamen of the misconduct for which the liability stated in this Section is imposed is not the wrongful procurement of legal process or the wrongful initiation of crimi-

nal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish. Therefore, it is immaterial that the process was properly issued, that it was obtained in the course of proceedings that were brought with probable cause and for a proper purpose, or even that the proceedings terminated in favor of the person instituting or initiating them. The subsequent misuse of the process, though properly obtained, constitutes the misconduct for which the liability is imposed under the rule stated in this Section."

RESTATEMENT (SECOND) OF TORTS § 682 comment a at 474. The tort of abuse of process apparently developed over time to compensate plaintiffs unable to win redress under the limited scope of a malicious prosecution action. *See* W. PROSSER, LAW OF TORTS § 121, at 897 (5th ed. 1984). Thus, "[a]n action for abuse of process differs from an action for malicious prosecution in that the latter is concerned with maliciously causing process to issue, while the former is concerned with the improper use of process after it has been issued." 1 AM. JUR. 2d *Abuse of Process* § 2, at 250 (1962); *see also Hogan v. Robert H. Irwin Motors, Inc.*, 121 N.H. 737, 739, 433 A.2d 1322, 1324 (1981) (malicious prosecution); *Robinson v. Fimbel Door Co.*, 113 N.H. 348, 350, 306 A.2d 768, 769 (1973) (same).

As broad as the abuse of process action can be, here we find that the plaintiff's writ fails to allege a basic element of the tort, that "process" was involved. In *Amabello v. Colonial Motors*, we noted that "[d]efinitions of the tort consistently describe 'process' as some activity or procedure involving the exercise, or dependent upon the existence, of judicial authority." *Amabello v. Colonial Motors*, 117 N.H. at 558, 374 A.2d at 1183–84. We cited two California cases to help demarcate the line between "process" and not "process." One case, *Younger v. Solomon*, 113 Cal. Rptr. 113 (Ct. App. 1974), involved a submission of interrogatories. This was held to be "process" because in California interrogatories were enforced with sanctions by the trial court. *Id.* at 118. In the other case, *Meadows v. Bakersfield Savings & Loan Ass'n*, 59 Cal. Rptr. 34 (Ct. App. 1967), the court held that recording a notice of default and publishing a notice of a trustee's sale do not constitute "process" because these acts "in nowise emanate[ ] from or rest[ ] upon the authority or jurisdiction of a court." *Id.* at 37. The court explained that the essence of the tort "lies in the misuse of the power of the court; it is an act done in the

name of the court and under its authority for the purpose of perpetrating an injustice." *Id.*

Following the principles of the California decisions, we held in *Amabello* that issuing a notice of intent to sell pursuant to RSA chapter 450 did not constitute "process." *Amabello v. Colonial Motors,* 117 N.H. at 559, 374 A.2d at 1184. Other courts have similarly held that where a court's authority is not used, there is no "process." For example, a New York court recently held that an application for an attachment order could not constitute "process" for purposes of an abuse of process action. *Salamanca Trust Co. v. McHugh,* 156 A.D.2d 1007, 1008, 550 N.Y.S.2d 764, 766 (1989). The court explained:

> "An essential element of a cause of action for abuse of process is that, in the course of a legal proceeding, a party activated some regularly issued process to compel the performance or forbearance of some act. No order of attachment was issued and thus, there was no abuse of process."

*Id.* (citations omitted). "An essential element of the tort of abuse of process is some form of compulsory process forcing the performance or forbearance of some prescribed act." *Martin-Trigona v. Brooks & Holtzman,* 551 F. Supp. 1378, 1383 (S.D.N.Y. 1982) (interpreting New York law; court held that "[m]oving the admission of another attorney for leave to argue an appeal did not compel plaintiff to do or forbear from doing anything and thus is not the kind of process which can give rise to the tort of abuse of process.").

Conversely, where a court's authority is used, the act constitutes "process." In *Clark Equipment Co. v. Wheat,* 154 Cal. Rptr. 874 (Ct. App. 1979), an order to show cause why a party should not be held in contempt of court was described as a special proceeding "intended to implement the inherent power of the court to conduct the business of the court" and was accordingly deemed "process." *Id.* at 886 (quotations omitted); *see also Hopper v. Drysdale,* 524 F. Supp. 1039, 1040, 1042 (D. Mont. 1981) (filing notice that deposition will be taken is "process" because court rules allow use of subpoena power to compel witnesses to attend deposition).

Applying these principles to the case before us, we hold that the filing of the motion for contempt in the Longs' divorce action did not constitute "process" for purposes of the plaintiff's abuse of process claim. The superior court exercised none of its powers over the plaintiff in connection with the motion. It did not issue orders of notice, and it did not grant the motion. Thus, the defendants never

used the court's authority to "compel [the plaintiff] to do or forbear from doing anything." *Martin-Trigona v. Brooks & Holtzman*, 551 F. Supp. at 1383. Without the court's authority behind it, the motion loses any claim to the term "process." *See* 72 C.J.S. *Process* § 2, at 589 (1987).

As the plaintiff cannot prove that "process" was involved, an essential element of the abuse of process tort, his claim fails as a matter of law. No genuine issue of material fact can exist because none of the plaintiff's asserted factual issues have any bearing on the dispositive question whether "process" was involved. *See Horse Pond Fish & Game Club v. Cormier*, 133 N.H. 648, 653, 581 A.2d 478, 481 (1990). Assuming all of the plaintiff's allegations to be true, the defendants would still be entitled to summary judgment. *See Nashua Trust Co. v. Sardonis*, 101 N.H. 166, 170, 136 A.2d 332, 334 (1957). We therefore affirm the grant of summary judgment in favor of the defendants.

We briefly note that, in lieu of an abuse of process action, a party in the plaintiff's position may seek to invoke the court's broad equity powers to penalize conduct such as that complained of here.

*Affirmed.*

All concurred.