Burns v. Barnes, et al.                    CV-94-451-B     05/02/95
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE


John Burns

       v.                                 Civil No. 94-451-B

Thomas Barnes and Robert Barnes


                          O R D E R


     Plaintiff, John Burns, filed suit against the defendants,

Thomas and Robert Barnes, alleging securities fraud and breach of

an employment agreement.  Both defendants filed responsive

pleadings, including several counterclaims.[1]  Specifically,

Robert Barnes alleges in his counterclaim that the plaintiff's

suit amounts to abuse of process because it was filed for an

improper purpose.  Burns's motion to dismiss the abuse of process

claim is now before me.


                         DISCUSSION

     Burns argues that the abuse of process claim should be

dismissed because it fails to allege an essential element of that

_____

       [1]  Thomas Barnes filed two counterclaims alleging defamation
and intentional infliction of emotional distress.  These claims
as well as the underlying claims are not at issue here.

cause of action: an improper purpose. He contends that nowhere in the complaint does Barnes adequately plead that his suit was filed for a purpose other than that for which it was designed. In response, Barnes argues that his counterclaim should not be dismissed because it properly alleges the tort of abuse of process. Specifically, he states that the counterclaim alleges that the allegations against him are false, that Burns knows the allegations are false, and Burns sued him despite these facts solely because he is a "deep pocket."

In the context of a motion to dismiss, I must accept all facts in the counterclaim as true, drawing all reasonable inferences in favor of Barnes. Berniger v. Meadow Green-Wildcat Corp., 945 F.2d 4, 6 (1st Cir. 1991). Further, a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), requires the court to grant the dismissal only if no set of facts entitles the claimant to relief. E.g., Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). Failure to properly plead facts necessary to support an essential element of the underlying legal theory is proper grounds for dismissal. Fleming v. Lind-Waldock & Co., 922 F.2d 20, 24 (1st Cir. 1990). "The pleadings are not sufficient where the [claimant] rests on 'subjective characterizations' or unsubstantiated conclusions."

2

Id. at 23 (citing Dewey v. University of N.H., 694 F.2d 1, 4 (1st Cir. 1982), cert. denied, 461 U.S. 944 (1983)). Thus, if Barnes failed to adequately support his allegation of improper purpose with specific facts, I must grant the motion to dismiss.

The tort of abuse of process requires the plaintiff to show that legal process was used "to accomplish a purpose for which it was not designed." Clipper Affiliates, Inc. v. Checovich, 138 N.H. 271, 276, 638 A.2d 791, 795 (1994); accord Tatko v. Engel, Civil No. 94-95-B, 1994 U.S. Dist. LEXIS 13282, at *1 (D.N.H. Sept. 13, 1994); Restatement (Second) Torts § 682 (1976).[2] "The tort comprises two essential elements: an ulterior purpose and a wilful act in the use of the process not proper in the regular conduct of the proceeding." Clipper Affiliates, 138 N.H. at 276 (citing W.P. Keeton, Prosser and Keeton on the Law of Torts 898 (5th ed. 1984)). Thus, an allegation of ulterior intentions alone is not sufficient to state a claim for abuse of

[2] Abuse of process also requires a plaintiff to establish that "(1) a person used (2) legal process, whether criminal or civil, (3) against the party (4) primarily to accomplish a purpose for which it is not designated and (5) caused harm to the party (6) by the abuse of process." Long v. Long, 136 N.H. 25, 29, 611 A.2d 620, 623 (1992) (adopting definition of abuse of process articulated in Restatement (second) of Torts § 682). Because the parties focus their attention only on the fourth element, I address only that issue.

3

process. <u>Tatko</u>, Civil No. 94-95-B, 1994 U.S. Dist. LEXIS 13282, at *3 (citing <u>Clipper Affiliates</u>, 138 N.H. at 277). There must be some allegation that the process is being used to force the claimant to perform or forbear from a prescribed act. <u>Clipper Affiliates</u>, 138 N.H. at 277 (claim dismissed because alleged that process used only to retaliate or harass plaintiff rather than coercion to achieve collateral advantage).

Barnes states in his complaint that the underlying action, as well as the obtainment of an ex parte attachment against his property, were sought "for the calculated purpose of involving a defendant in this litigation with the perceived means to pay the judgment which Burns seeks." Nowhere in his counterclaim does Barnes allege that Burns is using these processes for the purpose of coercing him to perform or forbear from any prescribed act.[3] The improper initiation of civil proceedings is not the wrong

---

[3] In his opposition to the motion to dismiss, Barnes argues that Burns commenced a frivolous action against him in order to win a nuisance settlement. Even if I allowed Barnes to amend his complaint to state such a claim, it would be futile because his claim would still be deficient. <u>See, e.g.</u>, <u>Bickel v. Mackie</u>, 447 F. Supp. 1376, 1383 (N.D. Iowa 1978) (no abuse of process where plaintiff alleges that defendant commenced an action in order to win a nuisance settlement); <u>Wilson v. Hayes</u>, 464 N.W.2d 250, 267 (Iowa 1990); <u>Myers v. Cohen</u>, 687 P.2d 6, 15 (Haw. Ct. App. 1984), <u>rev'd</u> <u>on</u> <u>other</u> <u>grounds</u>, 688 P.2d 1145 (Haw. 1984).

which the abuse of process tort is designed to remedy. Rather, "'[t]he gravamen of the misconduct for which [their is] liability ... is the misuse of process ... for any purpose other than that which it was designed to obtain.'" Long, 136 N.H. at 24. Naming as a defendant someone who will be able to satisfy a potential judgment is not a purpose for which the civil litigation was not designed. Barnes has failed to allege any improper purpose or any facts supporting a reasonable inference that an improper purpose was involved in Burns's actions. As a result, his complaint does not allege all the elements necessary to properly plead a claim for abuse of process. Therefore, I grant plaintiff's motion to dismiss.

## CONCLUSION

For the foregoing reasons I grant plaintiff's motion to dismiss the counterclaim (document no. 12).

SO ORDERED.

_____
Paul Barbadoro
United States District Judge

May 2, 1995

cc: Kevin M. Fitzgerald
    Jeffrey S. Cohen
    Thomas Barnes, pro se

5