[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE # 101
The plaintiff, Lillian MacDonald, filed a three count complaint alleging abuse of process and two emotional distress claims against the defendant, William Howard as an individual and as the executor of the estate of Hedwig Williams. The defendant moves to strike all three counts. In reviewing a motion to strike, "we must read the allegations of the complaint generously to sustain its viability, if possible. . . . We must, therefore, . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193, 212, 746 A.2d 730
(2000).
The defendant moves to strike the first count on the ground that the plaintiff does not have a cause of action for abuse of process because a letter served by a sheriff does not constitute process. To state a claim for abuse of process, "judicial process must in some manner be involved." W. Prosser W. Keeton, Torts (5th Ed. 1984). Judicial process is defined as the "process which is used to inform the defendant of the institution of proceedings against him and to compel his appearance, in either civil or criminal cases." Black's Law Dictionary (6th Ed. 1990). Courts in other jurisdictions have held that the invocation of judicial authority is an essential element for an abuse of process claim. See Long v. Long,136 N.H. 25, 30, 611 A.2d 620 (1992) (defining process "`as some activity or procedure involving the exercise, or dependent upon the existence, of judicial authority.'"); Wells v. Waukesha County Marine Bank,135 Wis.2d 519, 537, 401 N.W.2d 18 (1986), cert. denied, 136 Wis.2d 562,407 N.W.2d 559 (1987) (defining process as "the means of compelling the CT Page 12760 defendant to appear in court after the suing out of the original writ in a civil case and after indictment in a criminal case."). Here, the letter delivered to the plaintiff by the sheriff threatened criminal action if the plaintiff failed to return the money. The letter, however, neither stated that the defendant already instituted a civil or criminal action nor compelled the plaintiff to appear before the court. Moreover, the authority of a sheriff to serve process would not convert a letter into process because a sheriff can not compel a person's appearance without the court's authority. See General Statutes § 6-31 (defining the authority of sheriff's). Consequently, the sheriff's delivery of the letter does not constitute process. Accordingly, the court grants the motion to strike count one.
The defendant moves to strike count two on the ground that the plaintiff did not sufficiently allege a claim for either intentional or negligent infliction of emotional distress.[1] "[F]or the plaintiff to prevail in a case for liability under . . . [the intentional infliction of emotional distress], four elements must be established. It must be shown: (1) that the actor intended to inflict the emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. . . . Liability for intentional infliction of emotional distress requires conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind." Ancona v. ManafortBros., Inc., 56 Conn. App. 701, 711, 746 A.2d 184, cert. denied,252 Conn. 954, 749 A.2d 1202 (2000). Here, the second count fails to allege that the defendant intended to cause emotional distress or knew or should have known that his actions would cause emotional distress. Moreover, merely alleging "extreme emotional distress" unsupported by factual allegations is legally insufficient. See Hart v. Mill PlainAutobody, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 353463 (December 3, 1999, Melville, J.) ("Merely stating that the alleged emotional distress is severe is an unsupported legal conclusion and it is subject to a motion to strike."). Consequently, the plaintiff has not sufficiently alleged a claim for intentional infliction of emotional distress in count two.
The plaintiff further failed to allege a claim for negligent infliction of emotional distress in count two. For a claim of negligent infliction of emotional distress, "the plaintiff has the burden of pleading that the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that distress, if it were caused, might result in illness or bodily harm." (Internal quotation marks CT Page 12761 omitted.) Parsons v. United Technologies Corp., 243 Conn. 66, 88,700 A.2d 655 (1997). Here, the second count fails to allege that the defendant should have realized that his conduct involved an unreasonable risk of causing emotional distress. Accordingly, the court grants the defendant's motion to strike count two.[2]
The defendant moves to strike count three on the ground that the plaintiff has not sufficiently alleged a claim for either intentional or negligent infliction of emotional distress. Here, the plaintiff alleges that the defendant "intended to inflict emotional distress or his conduct was so extreme and outrageous that he should be deemed to have intended such results." As stated previously with respect to count two, the plaintiff's allegation of extreme emotional distress unsupported by factual allegations is legally insufficient. See Hart v. Mill PlainAutobody, Superior Court, Docket No. 353460. Consequently, the plaintiff, in count, three fails to allege a claim for intentional infliction of emotional distress. Moreover, the plaintiff does not sufficiently allege a claim for negligent infliction of emotional distress because she does not allege that the defendant should have realized that his conduct might result in illness or bodily harm. SeeParsons v. United Technologies Corp., supra, 243 Conn. 88. Accordingly, the court grants the defendant's motion to strike count three.[3]
Therefore, the defendant's motion to strike is granted.
MINTZ, J.