Michaud v. McQuade                    CV-99-186-JD  10/31/00
              UNITED STATES DISTRICT COURT FOR THE
                    DISTRICT OF NEW HAMPSHIRE

David Michaud

     v.                              Civil No. 99-186-JD
                                     Opinion No. 2000 DNH 230
Michael McQuade, et al.


                         O R D E R


     The plaintiff, David Michaud, appearing pro se, brings a

civil rights action under 42 U.S.C.A. § 1983, and related state

law claims, in which he alleges that he was falsely charged with

violating a domestic violence order in violation of his Fourth

and Fourteenth Amendment rights.[1]  The defendants, two Rochester,

New Hampshire police officers, Michael McQuade and Wayne

Perreault, and the City of Rochester, move for summary judgment.

The plaintiff moved for an extension of time, pursuant to Federal

Rule of Civil Procedure 56(f), to permit him to depose McQuade

and Perreault and several other witnesses, which was previously

denied by the magistrate judge.  See Order dated Oct. 10, 2000.

The plaintiff moves for reconsideration of the magistrate's

decision.  The plaintiff also filed an objection to the motion

for summary judgment.  In addition, the plaintiff moves for a

_____

     [1]Michaud's complaint was limited on initial review pursuant
to 28 U.S.C.A. § 1915A to claims arising from the charges of
violation of the domestic violence order.  See Orders of July 14
and August 3, 1999.

hearing on his allegations that the transcript of a taped conversation between the plaintiff and his ex-wife was deliberately altered.

## Background

David Michaud was separated from his wife, Linda Michaud, in the spring of 1996 when the events pertinent to this lawsuit occurred. David lived in a house across the street from where Linda and her three children lived. Linda obtained ex parte restraining and protective orders against David on May 7, 1996, and a hearing was held on May 16, 1996. Linda and David were both present at the hearing and both were represented by counsel.

The domestic violence final orders were issued on May 16, 1999. The final orders found that David had abused Linda within the meaning of RSA 173-B, and prohibited David from, among other things, entering the premises of Linda's residence, contacting her at work, and harassing her or her family members. The final orders were served on David, although he apparently contends that he never opened the envelope.

Linda's home was destroyed by fire on June 6, 1996. After the fire, Linda and the children lived with her father in Somersworth, New Hampshire. Based on the results of the fire investigation, the police suspected that David set the fire and

2

informed Linda that David was a suspect on June 11, 1996.  Linda agreed to cooperate in the investigation.  On June 13, 1996, Officer Perreault applied for and received approval to install a one-party telephone interception on the telephone at Linda's residence for the purpose of recording conversations with David about the fire.

On June 13, while Officers Perreault and McQuade were at Linda's home in Somersworth to install the telephone interception device, David drove up to the house.  The officers saw David arrive, get out of the car, and talk to Linda.  Linda told him to leave and that he was violating the domestic violence order.  After a few minutes, David left and called Linda.  Their conversation was recorded.

David was arrested on stalking charges on June 20, 2000, and on June 21 on charges of arson of Linda's house.  On June 28, while David was in jail on the stalking and arson charges, Detective Williams of the Somersworth Police Department prepared a warrant application and criminal complaint charging David with violating the domestic violence order.  The violation charges were based on Officer McQuade's statement that he and Officer Perreault saw David drive up to Linda's father's house on June 13 and talk to her.  The violation charges were dismissed by nol prosequi on September 12, 1996.  David Michaud was convicted on

3

the arson charges in January of 1998.

## Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The record evidence is taken in the light most favorable to the nonmoving party. See Zambrana-Marrero v. Suarez-Cruz, 172 F.3d 122, 125 (1st Cir. 1999). "[A]n issue is 'genuine' if the evidence presented is such that a reasonable jury could resolve the issue in favor of the nonmoving party and a 'material' fact is one that might affect the outcome of the suit under governing law." Fajardo Shopping Ctr. v. Sun Alliance Ins. Co., 167 F.3d 1, 7 (1st Cir. 1999). Summary judgment will not be granted as long as a reasonable jury could return a verdict in favor of the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

## Discussion

The plaintiff alleges that the defendants violated his Fourth and Fourteenth Amendment rights and committed the state

4

law torts of abuse of process and malicious prosecution by having an arrest warrant and criminal complaint brought against him for violation of the protective orders issued in the domestic violence final order.[2]  The defendants move for summary judgment on the plaintiff's remaining claims.  The plaintiff objects to the defendants' motion for summary judgment, moves for reconsideration of the magistrate's decision denying his motion pursuant to Rule 56(f), and moves for a hearing on his allegations that the transcript of the taped telephone conversation was altered.

A.  <u>Motion for Reconsideration</u>

The plaintiff moves for reconsideration of the magistrate's denial of his motion for an extension of time under rule 56(f). A motion for Rule 56(f) relief must:

> (1) be made within a reasonable time after the filing
> of the summary judgment motion; (2) place the district
> court on notice that movant wants the court to delay
> action on the summary judgment motion, whether or not
> the motion cites Rule 56(f); (3) demonstrate that

---

[2]As noted above, the plaintiff's other claims were dismissed pursuant to 28 U.S.C.A. § 1915A.  Although the defendants addressed some of the plaintiff's other claims in the motion for summary judgment, including a First Amendment claim alleging a violation of the plaintiff's right to "assemble" with his children and an illegal wiretap claim, those claims do not appear to arise out of his arrest for violation of the domestic violence order, and therefore, were previously dismissed.

> movant has been diligent in conducting discovery, and show good cause why the additional discovery was not previously practicable with reasonable diligence; (4) set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist, and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion; and (5) attest that the movant has personal knowledge of the recited grounds for the requested continuance.

Simas v. First Citizens' Fed. Credit Union, 170 F.3d 37, 45 n.2 (1st Cir. 1999) (internal quotations omitted). The plaintiff's motion is deficient in several respects.

The plaintiff argues that the defendants' interrogatory answers are "unfairly vague." The interrogatory answers were returned in February of this year. The defendants' motions for summary judgment were filed on August 31. To the extent the plaintiff contends that the defendants' interrogatory answers were insufficient, he has had more than enough time to pursue supplemental interrogatory answers. The plaintiff also contends that he needs to depose defendants McQuade and Perreault and needs "discovery" from Linda Michaud and the couple's two children. The plaintiff has had ample time to pursue the discovery he seeks.

Most importantly, the plaintiff has not demonstrated that any factual information is likely to be discovered by deposing the defendants, or the other potential witnesses, that would influence the outcome of the pending summary judgment motion.

The domestic violence order prohibited the plaintiff from contacting Linda Michaud at her residence, and he does not dispute that he did contact her on June 13 in violation of the order. Therefore, to the extent the plaintiff challenges the defendants' ability to hear their conversation, those issues are immaterial. The plaintiff's other objections to the defendants' affidavits and evidence are also immaterial.

Because the plaintiff's motion for an extension of time for additional discovery was properly denied, see C.B. Trucking, Inc. v. Waste Management, Inc., 137 F.3d 41, 45 (1st Cir.1998), his motion for reconsideration is denied.

B. Motion for Summary Judgment

In order to succeed on either his civil rights Fourth Amendment claim or his state law malicious prosecution claim, the plaintiff must be able to prove that he was arrested and charged without probable cause.[3] See Britton v. Maloney, 196 F.3d 24, 28 (1st Cir. 1999); ERG, Inc. v. Barnes, 137 N.H. 186, 190 (1993). Probable cause exists in the federal context "if the facts and

_____

[3]In this case, it is not necessary to distinguish between claims of false arrest and malicious prosecution because the plaintiff was arrested on a warrant issued at the same time as the criminal complaint with the same alleged infirmities. Cf. Meehan v. Town of Plymouth, 167 F.3d 85, 89 (1st Cir. 1999) (discussing differences in the claims).

7

circumstances within the arresting officer's knowledge are sufficient to lead an ordinarily prudent officer to conclude that an offense has been, is being, or is about to be committed, and that the putative arrestee is involved in the crime's commission." Iaobucci v. Boulter, 193 F.3d 14, 21 (1st Cir. 1999) (quotation omitted). Similarly, in the state context, "[p]robable cause exists when the facts and circumstances presented warrant a person of reasonable caution and prudence in believing that the arrestee has committed an offense." State v. Crotty, 134 N.H. 706, 709 (1991) (quotation omitted).

In this case, as noted above, the domestic violence final order found that the plaintiff had abused Linda Michaud within the meaning of RSA 173-B and ordered the plaintiff, among other things, "not to interfere with" Linda Michaud and "not to enter the premises" where she resides. New Hampshire RSA 173-B:8 directs the police to arrest a defendant who violates such a protective order. Officers McQuade and Perreault saw the plaintiff drive up to the apartment house where Linda was living, get out of the car, and talk with her. The plaintiff does not dispute that those events occurred. Therefore, Officer McQuade, who made the statement submitted to Officer Arthur Williams of the Somersworth Police Department, had probable cause to believe

8

that the plaintiff had violated the orders.[4]

The plaintiff has not demonstrated that a triable issue remains as to whether probable cause existed to charge and arrest him for violating the protective orders issued in the final domestic violence order. The defendants are therefore entitled to summary judgment on the civil rights claim based on the Fourth Amendment and state law claim of malicious prosecution.

Abuse of process occurs when a lawful criminal process, such as an arrest warrant, is used for an unlawful purpose. See Santiago v. Fenton, 891 F.2d 373, 388 (1st Cir. 1989); Long v. Long, 136 N.H. 25, 30 (1992). Under state law, "no liability exists, however, 'where a party has done nothing more than carry out the process to its authorized conclusion, even though with ulterior intentions.'" Cabletron Sys., Inc. v. Miller, 140 N.H. 55, 57 (1995) (quoting Clipper Affiliates v. Checovich, 138 N.H. 271, 277 (1994)). In the federal context, because abuse of process does not involve a seizure, the Fourth Amendment does not support an abuse of process claim, although egregious cases might violate substantive due process. See Brady v. Dill, 187 F.3d 110-15 (1st Cir. 1999); see also Santiago, 891 F.2d at 388

_____

[4]Given the record as to the existence of probable cause, the court does not address the distinction between Officer McQuade as the complaining officer and Officer Williams as the arresting officer.

9

(holding that subjective intent element of abuse of process claim precludes § 1983 liability for such a claim standing alone).

The plaintiff has not identified what improper motive the defendant police officers had in pressing the violation charge and has not shown that the officers did anything more than press the charges to their authorized conclusion.  Based on the record presented for summary judgment, the plaintiff has not demonstrated a triable factual issue as to his claims of abuse of process.  The defendants are entitled to summary judgment with respect to the abuse of process claims.

The plaintiff alleges that the City of Rochester had a policy or custom of inadequately supervising its police officers to prevent constitutional violations.  The court has not addressed the city as a separate defendant because the plaintiff makes no argument in his objection as to the city's liability.  Since no triable issue remains as to any of the alleged constitutional violations or state tort claims with respect to the individual defendants, the city is also entitled to summary judgment.  See Evans v. Avery, 100 F.3d 1033, 1040 (1st Cir. 1996).

C.  Plaintiff's Motion for a Hearing

The plaintiff alleges that the defendants' counsel "purposely and deliberately altered" a copy of the transcript of a taped conversation between the plaintiff and his ex-wife, Linda Michaud, recorded on June 13, 1996.  The transcript of the telephone call appears to start in the course of the conversation rather than at the beginning.  In his motion for a hearing, the plaintiff offers no explanation of what he believes was deliberately altered and provides no evidence of an alteration.  The plaintiff alleges in his motion for an extension of time, pursuant to Rule 56(f), that the defendants destroyed the first few minutes of the taped conversation in order to eliminate evidence that Linda told him she wanted to reconcile their marriage in order to induce him to visit or call her.

Since the telephone conversation and transcript are not material to the plaintiff's claims in suit, the plaintiff's allegations would not change the outcome of the present motion for summary judgment.[5]  In addition, the defendants have produced a sworn statement of Brenda J. DiMatteo, who transcribed the taped conversation.  Ms. DiMatteo states that the transcript

_____

[5]Whether or not the plaintiff believes that his ex-wife induced him to visit or call, because the domestic violence order prohibiting contact was still in effect at that time, he was prohibited from such contact.  See RSA 173-B:5, V (1999).

11

provided is a "true and accurate transcript of the audio recording of the conversation which took place on June 13, 1996 between Linda Michaud and David Michaud." As no evidence exists that the taped conversation was altered in any way and the conversation is immaterial to the plaintiff's claims in this suit, the plaintiff's motion to be heard is denied.

Conclusion

For the foregoing reasons, the plaintiff's motion to be heard (document no. 39) is denied. The plaintiff's motion for an extension of time pursuant to Rule 56(f) (document no. 37) was denied by the magistrate judge's order of October 10, 2000, and his motion for reconsideration (document no. 45) is denied. The defendants' motions for summary judgment (documents no. 35 and 36) are granted. The clerk of court is directed to enter judgment accordingly and close the case.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

October 31, 2000

cc:  David Michaud, pro se
     Donald E. Gardner, Esquire

12