# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0300, <u>Jason A. Czekalski v. Kathleen Duchesne & a.</u>, the court on May 1, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Jason A. Czekalski, appeals the order of the Superior Court (<u>Bornstein</u>, J.) dismissing his complaint against the defendants, Kathleen Duchesne and Corey Riendeau, the Warden of the Northern New Hampshire Correctional Facility, arguing that the trial court erred in: (1) dismissing his complaint for failure to state a claim; and (2) failing to provide written findings of fact and rulings of law. We affirm.

The plaintiff, a prison inmate, alleged that he filed numerous complaints against Duchesne, the laundry supervisor at the prison, about wet laundry. On June 3, 2022, the plaintiff wrote a "sternly-worded" inmate request slip to Duchesne "telling her to do her job and quit trying to push the responsibility off on Security." The plaintiff complained that his towel was returned wet and that his laundry "clearly never even went into a dryer." The plaintiff told Duchesne not to "lie" or "try to excuse" the wet laundry by telling him to "contact unit staff when clothes come back wet."

On June 6, 2022, Duchesne responded in writing, stating that all clothes are placed in a dryer for the proper amount of time. She wrote a disciplinary ticket against the plaintiff accusing him of insubordination or disrespect toward a staff member, and lying or providing false or misleading information." After an investigation, Duchesne's report was found to be "true as written," and was processed as a "minor disciplinary." The plaintiff requested a hearing, after which the hearing officer found the plaintiff not guilty on both counts.

The plaintiff then filed a complaint against the defendants in superior court alleging: (1) abuse of process; (2) malicious prosecution; (3) retaliation in violation of 42 U.S.C. § 1983; (4) intentional refusal to supervise; (5) failure to protect the plaintiff from retaliation in violation of 42 U.S.C. § 1983; and (6) conspiracy to violate § 1983. The plaintiff also sought a preliminary injunction preventing the New Hampshire Department of Justice from representing the defendants.

The plaintiff argues that the trial court erred in dismissing his complaint for failure to state a claim upon which relief may be granted. When reviewing a trial court's grant of a motion to dismiss, we consider whether the allegations

in the plaintiff's complaint are reasonably susceptible of a construction that would permit recovery.  New England Backflow v. Gagne, 172 N.H. 655, 661 (2019).  We assume all factual allegations in the plaintiff's complaint to be true and construe all reasonable inferences that can be drawn from those facts in the plaintiff's favor.  Id.  We may also consider "documents the authenticity of which are not disputed by the parties, official public records, or documents sufficiently referred to in the complaint."  Automated Transactions, LLC v. Am. Bankers Ass'n, 172 N.H. 528, 532 (2019).

The plaintiff argues that he stated claims of abuse of process and malicious prosecution because he alleged that Duchesne filed a disciplinary report, subjecting him to a disciplinary hearing, and that Duchesne's "actions were intentional and malicious in that [she] is an experienced [prison] employee who knew that there was no legitimate reason to file a disciplinary ticket against plaintiff."

A party claiming abuse of process must prove that: (1) a person used (2) legal process, whether criminal or civil, (3) against the party, (4) primarily to accomplish a purpose for which it is not designed, and (5) caused harm to the party (6) by the abuse of process.  New England Backflow, 172 N.H. at 672.  A party claiming malicious prosecution must prove that: (1) he was subjected to a criminal prosecution or civil proceeding instituted by the defendant, (2) without probable cause, (3) with malice, and (4) the prior action terminated in the plaintiff's favor.  Id. at 671.  Both claims require "process," which is defined "as some activity or procedure involving the exercise, or dependent upon the existence, of judicial authority."  Long v. Long, 136 N.H. 25, 30 (1992) (quotation omitted).  Where a court's authority is not used, there is no "process."  Id. at 31.  We conclude that the plaintiff's abuse of process and malicious prosecution claims fail as a matter of law because the plaintiff failed to allege that a legal process was involved.

The plaintiff next argues that he stated a claim of retaliation under 42 U.S.C. § 1983 because, in response to his exercise of First Amendment rights, the "sternly-worded" inmate request slip, Duschene retaliated against him by filing the disciplinary report.  To establish a claim of First Amendment retaliation under 42 U.S.C. § 1983, a plaintiff must show: "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action."  Cossette v. Poulin, 573 F. Supp. 2d 456, 459 (D.N.H. 2008).  However, even assuming that the plaintiff's "sternly-worded" inmate request slip contained protected speech, "[t]he filing of a single, later-dismissed disciplinary charge against an inmate, even if taken with a retaliatory motive, is insufficient to qualify as more than de minimis."  Stow v. Davis 2019 WL 6718160, *5 (D.N.H. Aug. 14, 2019).  We conclude that the plaintiff failed to state a retaliation claim under 42 U.S.C. § 1983 because he did not allege more than a de minimis adverse action against him.

The plaintiff next argues that he stated claims for conspiracy and failure to supervise by alleging that Riendeau negligently failed to act against Duchesne, a subordinate, when she filed an allegedly false disciplinary ticket against him, and that, together, they conspired to retaliate against him for exercising his protected rights. Because these claims are dependent upon the previously-alleged claims, which fail as a matter of law, these claims must also fail. The plaintiff provides no authority for his assertion that these claims may survive even if the previous claims fail.

The plaintiff next argues that the trial court erred in denying his request for an injunction prohibiting the New Hampshire Department of Justice from representing the defendants. Pursuant to RSA 99-D:2 (2023), "the attorney general shall represent and defend" state employees and agents if "any claim is made or any civil action is commenced against" such person and the attorney general determines that the acts complained of were committed by the person "while acting within the scope of official duty for the state and that such acts were not wanton or reckless." We conclude that the plaintiff has failed to allege facts sufficient to show that that he was entitled to his requested injunction. The plaintiff provides no authority for his assertion that he has taxpayer standing to challenge the attorney general's decision to represent the defendants in this matter.

Finally, the plaintiff argues that, pursuant to RSA 491:15 (2010), the trial court was required to provide written findings of fact and conclusions of law, when he asked for them in his motion for reconsideration. RSA 491:15 provides that the "court or justice trying causes under RSA 491:13 and 491:14 shall, if either party requests it, give his decision in writing, stating the facts found and his rulings of law, which shall be filed and recorded." RSA 491:13 refers to the superior court's authority to hold bench trials, and RSA 494:14 refers to the superior court's authority to try suits in equity. See M.A. Crowley Trucking v. Moyers, 140 N.H. 190, 195 (1995). When reviewing a trial court's grant of a motion to dismiss, we consider whether the allegations in the plaintiff's complaint are reasonably susceptible of a construction that would permit recovery. New England Backflow, 172 N.H. at 661. We conclude that RSA 491:15 does not apply to the trial court's order dismissing the plaintiff's complaint for failure to state a claim.

Affirmed.

MacDonald, C.J., and Bassett, Donovan, and Countway, JJ., concurred.

**Timothy A. Gudas,
Clerk**