■ KEVIN HANLEY, Individually and Doing Business as ATHLETIC ATTIC, Respondent, v JAMES L. FOX et al., Appellants. JAMES L. FOX et al., Third-Party Plaintiffs-Appellants; ROBERT J. CONGEL et al., Third-Party Defendants-Respondents. — Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered March 2, 1982 in Schenectady County, which denied motions of defendants and third-party plaintiffs for dismissal of the complaint and for summary judgment. The complaint in this action alleges, in essence, that plaintiff Kevin Hanley, individually and doing business as Athletic Attic, sustained damages when defendants obtained temporary restraining orders against him on two separate occasions. Plaintiff was successful in having the restraining orders vacated. Defendants and third-party plaintiffs moved at Special Term to dismiss the complaint and for summary judgment. Special Term denied these motions and this appeal ensued. There should be an affirmance. Plaintiff's contention that the attorney's fees he incurred in his

successful efforts to vacate the two restraining orders are proper elements of damages occasioned by reason of the injunction, is correct (*Rose v Post,* 56 NY 603; *Cross Props. v Brook Realty Co.,* 76 AD2d 445; see CPLR 6312, subd [b]; see, also, *Eisen v Post,* 15 Misc 2d 59). A triable issue of fact as to the amount of the attorney's fees incurred by plaintiff in his successful vacation of the restraining orders is presented as Special Term ruled in denying the motions of defendants and third-party plaintiffs. A full trial is, therefore, required to ascertain plaintiff's damages sustained as a result of the two temporary restraining orders. Order affirmed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.