■ FRANK A. AUGSBURY, JR., et al., Appellants-Respondents, v CHARLES ADAMS et al., Respondents-Appellants. — Weiss, J. Cross appeals from an order of the Supreme Court at Special Term (Crangle, J.), entered April 20, 1984 in St. Lawrence County, which, *inter alia,* granted defendants' motion for summary judgment dismissing plaintiffs' second cause of action and denied defendants' cross motion for sanctions and costs in defeating plaintiffs' motion for an attachment of defendants' property.

During the period January through March 2, 1979, plaintiffs purchased from defendant Charles Adams Importers, Ltd., for $525,000 a "whole and complete collection of imported jade objects" which plaintiffs allege that defendants represented to be worth $1,512,000. When plaintiffs subsequently obtained an appraisal showing the value to be $99,550, they made an August 18, 1980 demand that defendants repurchase the collection. Upon refusal, this action was commenced. The second cause of action in the amended complaint alleged defendants' breach of the following agreement:

"January 24, 1979

"Mr. and Mrs. Augsbury,

"I, Charles Adams agree to buy back the objects of art sold to Mr. and Mrs. Frank A. Augsbury at the

purchase price with market value appreciation, or exchange for pieces to their desire, when so in position to do so.

                              "s/Charles Adams"

Defendants moved for summary judgment dismissing the second cause of action on the grounds that no triable issues of fact exist as a matter of law and that it does not state a cause of action. Plaintiffs cross-moved to dismiss the affirmative defenses in defendants' answer and for an order of attachment. Special Term granted dismissal of plaintiffs' second cause of action and defendants' second, third, fourth and fifth affirmative defenses. Special Term also denied plaintiffs' motion for an order of attachment and defendants' cross motion for imposition of sanctions against plaintiffs for wrongfully seeking attachment. These cross appeals ensued.

The principal arguments of both parties focus upon that portion of the order which dismissed plaintiffs' second cause of action seeking damages for defendants' alleged breach of contract to repurchase the art objects or to exchange them. Since the contract is explicit in its terms, its construction is purely a question of law (see, e.g., *West, Weir & Bartel v Carter Paint Co.,* 25 NY2d 535, 540). It is clear that the words "when [defendant is] so in position to do so" impose a condition upon both the undertaking to buy back or exchange. Since the second cause of action in the amended complaint fails to allege that defendants were in a position to perform, it is deficient and was properly dismissed.

We further hold that Special Term properly denied defendants' cross motion for an award of costs and fees incurred in defeating plaintiffs' motion for an order of attachment. Damages are recoverable only when property has been wrongfully attached (see, *Siegel v Northern Blvd. & 80th St. Corp.,* 31 AD2d 182, 187). The attachment having been denied, it was proper for Special Term to deny sanctions.

Resolution of the parties' remaining contentions is unnecessary.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.