■ WATMET, INC., Appellant, v RICHARD ROBINSON, Respondent.—Order entered June 8, 1984 unanimously modified, on the law, and, as modified, affirmed, without costs, in accordance with memorandum herein. Appeal from order entered June 13, 1984 unanimously dismissed. Memorandum: Plaintiff appeals from an order entered after a hearing which (1) vacated a temporary restraining order; (2) denied plaintiff's application for a preliminary injunction; (3) dismissed plaintiff's complaint, and (4) awarded defendant $2,000 in counsel

fees. The underlying action seeks an injunction and damages, based upon defendant's alleged breach of a covenant not to compete in an employment contract between plaintiff, a small corporation which acts as a manufacturer's representative of various "high-tech" companies, and the defendant, who was employed by the plaintiff as a salesman.

The purpose of a preliminary injunction is to preserve the status quo until a decision is reached on the merits. In order to be granted a preliminary injunction, the moving party must demonstrate: (1) a likelihood of ultimate success on the merits; (2) irreparable injury absent the granting of the preliminary injunction; and (3) a balancing of the equities favors his position *(Gambar Enters. v Kelly Servs.,* 69 AD2d 297, 306; *Town of Porter v Chem-Trol Pollution Servs.,* 60 AD2d 987, 988). A motion for a preliminary injunction is addressed to the sound discretion of the trial court and the decision of the trial court on such a motion will not be disturbed on appeal, unless there is a showing of an abuse of discretion *(Long Is. Oil Terms. Assn. v Commissioner of N. Y. State Dept. of Transp.,* 70 AD2d 303, 305; *Gambar Enters. v Kelly Servs., supra,* p 306). The court did not abuse its discretion in denying plaintiff's application for a preliminary injunction, but it did err in dismissing the complaint. Arbitration was not the parties' exclusive remedy. The employment agreement provided that, notwithstanding the arbitration provisions of the agreement, plaintiff was entitled to bring an action at law or in equity to obtain damages for breach of the covenants contained in paragraphs 12 and 13 of the agreement. " '[I]t is not for th[e] court to determine finally the merits of an action upon a motion for preliminary injunction' ". *(Gambar Enters. v Kelly Servs., supra,* p 306, quoting *Tucker v Toia,* 54 AD2d 322, 325-326.) Since plaintiff's lawsuit clearly sought damages as well as injunctive relief, it was improper for Special Term to dismiss the complaint.

Although defendant may have been entitled to counsel fees incurred in defendant's successful efforts to vacate the temporary restraining order (CPLR 6315; *see, Hanley v Fox,* 90 AD2d 662, 663), the procedure employed failed to give plaintiff proper notice in order to contest the award. Therefore, the provision of the order awarding counsel fees should be deleted without prejudice to defendant making a proper application pursuant to CPLR 6315 on notice to all interested persons. Since no appeal lies from an order denying reargument *(see, Catalogue Serv. v Insurance Co.,* 90 AD2d 838), the appeal from the order denying plaintiff's motion to reargue must be

dismissed. (Appeals from orders of Supreme Court, Niagara County, Hannigan, J.—dismiss complaint.) Present—Callahan, J. P., Doerr, Green, O'Donnell and Pine, JJ.