■ PROVISIONAL PROTECTIVE COMMITTEE et al., Appellants, v DIANA WILLIAMS et al., Respondents.—Order, Supreme Court, New York County (Wilk, J.), entered December 28, 1984, which granted defendants' motion for attorney's fees pursuant

to CPLR 6212 (e) and set the matter down for a hearing to determine the reasonable value thereof, reversed, on the law, and the motion denied, without costs.

This is an action for fraud and conversion commenced on behalf of plaintiff the Provisional Protective Committee (PPC), by Mary Tillman, its financial secretary, by service of a summons and complaint on or about October 27, 1983. The PPC is an unincorporated association which was established to protect the rights of provisional court officers employed by New York State courts. The complaint charges defendants, PPC President Diana Williams and Vice-president Earl Hall, with misappropriation of association funds. An order to show cause signed by the Honorable Thomas J. Hughes on October 28, 1983 directed defendants to appear and show cause why an order of attachment pursuant to CPLR 6210 should not be granted. The order to show cause alleged that defendants would frustrate the enforcement of any judgment that might be rendered by secreting and concealing the allegedly converted funds of the PPC. The court granted plaintiffs' request, contained in the order to show cause, for an order temporarily restraining defendants from transferring the funds of the plaintiff association or any property of any kind acquired with such funds to the extent of the amount allegedly converted pending a hearing, on November 4, 1983, on the application for an order of attachment. Plaintiffs posted the prerequisite undertaking pursuant to CPLR 6212 (b). Approximately five months later, by order entered on April 2, 1984, Special Term denied the motion for an order of attachment. The court held that "[p]laintiffs have not met their heavy burden of proof of an intent to defraud creditors or frustrate the enforcement of a judgment that might be rendered in their favor."

CPLR 6212 (b) and (e) provide that a plaintiff shall be liable to the defendant, in an amount not limited by the undertaking, "for all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment * * * if it is finally decided that the plaintiff was not entitled to an attachment of the defendant's property." The defendants here moved for forfeiture of the bond and an additional payment of $645 for attorney's fees in the amount of $1,945 incurred in defending against the order of attachment.

In the order appealed from, Special Term (Wilk, J.) granted the motion and set the matter down for a hearing, holding that the issuance of an order of attachment per se was

unnecessary to trigger a party's right to damages under CPLR 6212 (b) and (e). In support of its view, the court noted that the statute requires the posting of an undertaking when the motion is made for such an order, not upon its signing. We disagree and reverse.

The issue presented is whether a defendant who defeats a motion for an order of attachment pursuant to CPLR 6210, and has only been temporarily restrained against transferring funds belonging to plaintiff, is entitled to an award of damages under CPLR 6212 (e). As a threshold matter, we note that the CPLR 6210 motion for an order of attachment authorizes ex parte temporary restraining orders aimed at defendants, as well as garnishees, who allegedly have control of the property at issue. (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C6210:1, pp 57-58.) In contrast with the ex parte procedure available under CPLR 6211, the CPLR 6210 motion affords the defendant notice and a preattachment hearing. CPLR 6212 is designed to compensate defendants for costs and damages, including reasonable attorney's fees necessitated by a wrongful attachment *(Dinnerstein v Max's Gas Sta.,* 172 Misc 27 [App Term, 2d Dept 1939]), and, in exceptional cases, for steps taken to maintain commercial viability which were necessitated by the attachment *(Israel Commodity Co. v Banco do Brasil,* 50 Misc 2d 362 [Sup Ct, NY County 1966]; *see also,* Siegel, NY Prac § 325, at 394).

It is well settled that statutes providing for the extraordinary remedy of attachment are strictly construed in favor of the party whose property is sought to be attached. *(Siegel v Northern Blvd. & 80th St. Corp.,* 31 AD2d 182, 184 [1st Dept 1968].) The temporary restraining order contained in the order to show cause in the present case was only a security device to prevent defendants from further using the funds of the association plaintiff, PPC, pending disposition of the motion for an order of attachment. Under these circumstances, the attorney's fees sought by defendants are not within the ambit of damages recoverable under CPLR 6212. Special Term ultimately determined that plaintiffs were not entitled to a restraint on defendants' use of the association plaintiff's funds. It cannot be said that the court "finally decided that the plaintiff was not entitled to an attachment of the *defendant's* property." *(See also, Augsbury v Adams,* 108 AD2d 978, 979 [3d Dept 1985]; *cf. First Natl. State Bank v Alpha Hermetic,* 59 NY2d 888 [1983].) In view of the foregoing, we find it unnecessary to reach the issue of whether there is any distinction between CPLR 6210 and 6211 as to the availability of

damages under CPLR 6212. Concur—Sullivan, J. P., Ross, Asch, Rosenberger and Wallach, JJ.