■ SALAMANCA TRUST COMPANY, Respondent, v WILLIAM B. McHUGH et al., Defendants, and JEANNETTE M. McHUGH, Appellant. (Appeal No. 1.)—Order and judgment unanimously affirmed without costs. Memorandum: Plaintiff bank commenced an action against Drs. McHugh and Gothgen to recover sums allegedly due on a series of demand notes. The bank also sued Dr. McHugh's wife for an alleged misrepresentation made on a financial statement concerning ownership interests in certain property. Prior to service of the summons and complaint, plaintiff applied for an order attaching property owned by the McHughs. That application was orally granted, but no order was signed or entered, and no property was attached. To deter further steps toward attachment, Mrs. McHugh obtained a consent order placing the net proceeds from the sale of certain real property in escrow pending resolution of the lawsuit. Subsequently, defendants' answer was amended to include several counterclaims, including claims by Mrs. McHugh for wrongful attachment, abuse of process and malicious prosecution. The claims and counterclaims between the bank and the doctors were settled, and the bank then sought summary judgment dismissing the counterclaims asserted by Mrs. McHugh. This appeal is from an order

granting reargument and, upon reargument, adhering to Supreme Court's original determination granting summary judgment.

We conclude that summary judgment dismissing the three counterclaims was properly granted. Defendant Mrs. McHugh conceded that no order of attachment was issued and no property was attached. Under the circumstances, the court's oral decision to grant the ex parte motion did not amount to an actual order of attachment *(see, Lyons v Butler,* 134 AD2d 576; *Cultural Center Commn. v Kokoritsis,* 103 AD2d 1018). The mere fact that property has been subjected to some form of restraint does not serve as a basis for the statutory claim of wrongful attachment *(see, First Natl. State Bank v Alpha Hermetic,* 59 NY2d 888, *rearg denied* 60 NY2d 644). Damages are not recoverable under the statute unless the property is actually attached *(see,* CPLR 6212 [e]; *Provisional Protective Comm. v Williams,* 121 AD2d 271; *Augsbury v Adams,* 108 AD2d 978). There was no attachment in this case and, therefore, summary judgment dismissing this counterclaim was proper.

The counterclaims for abuse of process and malicious prosecution were properly dismissed for the same reason. An essential element of a cause of action for abuse of process is that, in the course of a legal proceeding, a party activated some regularly issued process to compel the performance or forebearance of some act *(Board of Educ. v Farmingdale Classroom Teachers Assn.,* 38 NY2d 397, 403). No order of attachment was issued and thus, there was no abuse of process *(see, Julian J. Studley, Inc. v Lefrak,* 41 NY2d 881, 884). To recover damages for malicious prosecution in a case where the underlying action was a civil proceeding, there must be some actual interference with one's person or property *(Lincoln First Bank v Siegel,* 60 AD2d 270; 59 NY Jur 2d, False Imprisonment and Malicious Prosecution, §§ 51-52). Because no attachment was levied, the alleged wrongful conduct of plaintiff did not amount to an actual interference with McHugh's property *(see, Lincoln First Bank v Siegel, supra; Schulman v Modern Indus. Bank,* 178 Misc 847, 849-850, *affd* 266 App Div 833). Moreover, a cause of action for malicious prosecution does not lie where, as here, the underlying basis for it was discontinued by agreement of the parties *(see, Miller v Jamaica Sav. Bank,* 50 AD2d 865). (Appeal from order and judgment of Supreme Court, Erie County, Flaherty, J.—summary judgment.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.