■ A & M EXPORTS, LIMITED, Appellant, v MERIDIEN INTERNATIONAL BANK, LTD., et al., Respondents. [636 NYS2d 35] —Order of the Supreme Court, New York County (William J. Davis, J.), entered February 22, 1995, which awarded defendants judgment in the amount of plaintiff's undertaking and severed that portion of defendants' claim for attorney's fees for an assessment thereof, unanimously reversed, on the law, without costs, and the matter remanded to Supreme Court for a hear-

ing to determine the extent of defendants' damages pursuant to CPLR 6315.

Plaintiff commenced this action against defendants for failure to honor certain letters of credit. In connection with its application for an order of attachment pursuant to CPLR 6201 (1), plaintiff obtained a temporary restraining order (CPLR 6210) prohibiting the transfer of $1,394,000 in assets maintained by defendants in a New York bank. However, plaintiff's complaint was ultimately dismissed on forum non conveniens grounds and the temporary restraining order vacated, this Court affirming (*A & M Exports v Meridien Intl. Bank,* 207 AD2d 741), without any order of attachment ever being issued. The present dispute concerns the extent of damages recoverable by defendants as a consequence of the restraint on asset transfers.

The temporary restraining order provides for an undertaking in the amount of $89,067.25 and recites that "plaintiff, if it is finally determined that it was not entitled to a temporary restraining order, will pay to the defendant [Meridien International Bank, Ltd.] and/or [Meridien Biao Bank Liberia Ltd.], all damages and costs which may be sustained by reason thereof". The undertaking itself recites that plaintiff will pay damages "not exceeding" $89,067.25. While plaintiff contends that the order and the undertaking are inconsistent, in a case involving a similar order, it was held that, absent malice, the undertaking provides the sole basis for relief. The Appellate Division, Third Department reasoned that "there is no common-law cause of action for damages sustained by an improperly procured preliminary injunction, nor does CPLR 6315 create a statutory cause of action. The basis for damages is the undertaking itself which is a contract between the parties 'that the plaintiff, if it is finally determined that he was not entitled to an injunction, will pay to the defendant all damages and costs which may be sustained by reason of the injunction' (CPLR 6312, subd [b])" (*Honeywell, Inc. v Technical Bldg. Servs.*, 103 AD2d 433, 434; *RS Paralegal & Recovery Servs. v Poughkeepsie Sav. Bank*, 190 AD2d 660).

In this case, defendants moved for an order awarding damages, (1) in the amount of the undertaking pursuant to CPLR 6212 (b) and, (2) in the amount of $124,208.52, "representing costs and attorney's fees incurred in the action", pursuant to CPLR 6212 (e). In response to plaintiff's contention that the court lacked jurisdiction to entertain the application, the court deemed the motion to be brought pursuant to CPLR 6210. As requested by defendants, the court applied the measure of dam-

ages provided in CPLR 6212 (e), which does not limit recovery to the amount of the undertaking.

It bears emphasis that no order of attachment was ever issued in this case, and there is no basis for an award of damages premised upon the improper procurement of such an order. The temporary restraining order (TRO) provided for in CPLR 6210 is issued pursuant to CPLR 6313 (a), and any damages sustained by reason of the operation of the order are ascertained in accordance with the provisions of CPLR 6315, not by reference to CPLR 6212 (e) (*Salamanca Trust Co. v McHugh*, 156 AD2d 1007 [damages under CPLR 6212 (e) not recoverable unless property actually attached]; *Provisional Protective Comm. v Williams*, 121 AD2d 271 [TRO issued pursuant to CPLR 6210 insufficient basis for award of attorney's fees pursuant to CPLR 6212 (e)]; *Augsbury v Adams*, 108 AD2d 978 [CPLR 6212 (e) damages not recoverable where application for attachment denied]).

The summary procedure of CPLR 6315 permits the court that imposed the restraint on the transfer of a defendant's assets, which is presumably well acquainted with the dispute, to fix damages resulting from that restraint (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C6315:1, at 391). "The amount of damages so ascertained is conclusive upon all persons who were served with notice of the motion and such amount may be recovered by the person entitled thereto in a separate action" (CPLR 6315). Such an award may include counsel fees incurred in connection with an "erroneously granted temporary restraining order", where supported by the record (*Matter of Kaplan v Werlin*, 215 AD2d 387, 388, *appeal dismissed* 86 NY2d 868; *Watmet, Inc. v Robinson*, 116 AD2d 998, 999; *see also, Hanley v Fox*, 90 AD2d 662).

Supreme Court did not assess the extent of defendants' damages, however, but simply rendered an award for the full amount of the undertaking. While it may yet be determined that defendants' damages are in excess of the undertaking by a substantial margin, there is no statutory provision for an award of liquidated damages in the amount of the undertaking. The only evidence of record is a "billing memorandum" from counsel listing various "unbilled" fees and disbursements. In the absence of a hearing as to the propriety of counsel fees (*Morgan & Finnegan v Howe Chem. Co.*, 210 AD2d 62, 63) or any findings with respect to the nature and extent of the damages incurred by defendants, the record is insufficient to sustain the award. Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Mazzarelli, JJ.