■ GOLDBERG WEPRIN & USTIN, L. L. P., Appellant, v TISHMAN CONSTRUCTION CORP. et al., Respondents. [713 NYS2d 57] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about June 15, 1999, which, to the extent appealed from, granted defendants' motions to dismiss the amended complaint pursuant to CPLR 3211 (a) (7), and denied plaintiff's motion for class certification as academic, affirmed, without costs.

Plaintiff, purporting to represent a class of similarly situated businesses and individuals with offices or residences in the Times Square area, seeks damages for purely economic losses alleged to have resulted from the closing of the Times Square area, by order of the City of New York, due to the collapse of an elevator tower being used in connection with defendants' construction project, on theories of gross negligence, strict liability for abnormally dangerous activity, public nuisance, and private nuisance. We affirm the dismissal of the complaint on the ground that, in the absence of any alleged physical property damage, the connection between defendants' activities and plaintiff's economic losses alleged to have resulted from the City's action is too tenuous and remote to permit recovery on any tort theory (*see, e.g.*, *Bristol-Myers Squibb v Delta Star*, 206 AD2d 177, 180; *Beck v FMC Corp.*, 53 AD2d 118, *affd for reasons stated* 42 NY2d 1027; *Schneider Natl. v State of New York*, 138 Misc 2d 205; *see also*, *Petitions of Kinsman Tr. Co.*, 388 F2d 821, 824). Since the complaint is legally insufficient insofar as it purports to assert a claim on behalf of plaintiff individually, the motion court correctly denied the motion for class certification as academic. Concur—Nardelli, J. P., Williams, Wallach and Saxe, JJ.

Ellerin, J., concurs in a memorandum as follows: This action arises out of the collapse of a 700-foot-tall construction elevator tower on West 43rd Street between Sixth and Seventh Avenues at the site of the construction of the Conde Nast Building, which did not cause any physical injury, but resulted in the closing of portions of several streets by the City to vehicular and pedestrian traffic, as well as the evacuation of certain buildings for varying periods of time. Plaintiff, a law firm whose offices are located on the corner of Broadway and 42nd Street, within the area closed by the City, commenced this action on behalf of itself and all similarly situated persons against the

owner of the building project, the general contractor and the subcontractor that supplied the elevator tower. Plaintiff alleged causes of action in negligence, strict liability, and private and public nuisance and sought certification of a proposed class of: "All persons in the vicinity of Broadway and 42nd Street, New York, New York, whose businesses were caused to be closed due to the defendants' negligen[t] construction and maintenance of the construction area of the Conde Nast Tower known as 4 Times Square." In addition, plaintiff proposed a sub-class of "all those persons who resided in the vicinity of Broadway and 42nd Street and were forcibly evacuated from their homes due to the defendants' negligent acts." Plaintiff requested damages for the economic injury allegedly suffered by the businesses and residents from the closure of the streets and evacuation of the buildings.

Unlike the situation in *5th Ave. Chocolatiere v 540 Acquisition Co.* (272 AD2d 23) and *532 Madison Ave. Gourmet Foods v Finlandia Ctr.* (271 AD2d 49), recently decided by this Court, and in which I was a member of the majority in each case, the economic damages sought by plaintiff in the instant case are not limited to lost profits suffered by retail merchants whose livelihoods were dependent upon pedestrian traffic, but rather encompass almost all ancillary "inconvenience" costs, such as the cost of temporarily relocating the named plaintiff's law offices and the proposed class members' private residences and businesses. In fact, the proposed class is so extensive that it would include, as the IAS Court noted, even "taxi drivers and hot dog vendors." Accordingly, plaintiff has failed to demonstrate any "special" or "peculiar" injury of a kind different from that suffered by other persons exercising the same public right, a necessary prerequisite to maintaining a private cause of action for nuisance (*Burns Jackson Miller Summit & Spitzer v Lindner*, 59 NY2d 314, 334). Rather, the claimed injury is " 'common to the entire community,' " and therefore bars a private right of action sounding in nuisance (*id.*, at 334-335). By contrast, the plaintiffs in *5th Ave. Chocolatiere* and *532 Madison Ave. Gourmet Foods* were retailers who suffered a substantial loss of income due to the street closure caused by the collapse of a section of the wall of a 39-story office building. For similar reasons, the types of economic damages allegedly suffered by the named plaintiff herein and the putative class are too attenuated to be reasonably foreseeable consequences of the collapse of a portion of the elevator tower, and therefore insufficient to support a cause of action for negligence. I note too that the purported negligence of defendants herein, as pleaded in the complaint, in erecting the tower, was not as

egregious as that alleged against the defendants in *5th Ave. Chocolatiere* and *532 Madison Ave. Gourmet Foods*, where the defendants allegedly punched more than 90 window holes in the wall of a building which they knew or should have known to be unstable and designed to be windowless.