■ JOEL MURRAY, Appellant, v CITY OF NEW YORK et al., Respondents. [858 NYS2d 131]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered May 2, 2007, which granted defendants' motion to amend their answer to include the affirmative defense of collateral estoppel, and granted their motion to dismiss the complaint on that ground, unanimously affirmed, without costs.

Supreme Court providently exercised its discretion in granting defendants' motion for leave to amend their answer to include the affirmative defense of collateral estoppel. "Leave to amend the pleadings shall be freely given absent prejudice or surprise resulting directly from the delay" (*Fahey v County of Ontario*, 44 NY2d 934, 935 [1978] [internal quotation marks omitted]). Plaintiff demonstrated no prejudice—the loss of some special right, some change of position or some significant trouble or expense that could have been avoided had the original answer contained the defense—resulting directly from defendants' delay in seeking the amendment (*see Barbour v Hospital for Special Surgery*, 169 AD2d 385, 386 [1991]). In light of his participation in the prior federal action, plaintiff can claim no surprise that defendants would seek to assert the defense of issue preclusion (*see Antwerpse Diamantbank N.V. v Nissel*, 27 AD3d 207 [2006]).

In his prior federal action, plaintiff asserted numerous causes of action under 42 USC § 1983 against the defendants in the present action. Plaintiff's claims stemmed from a policy adopted and enforced by defendants that required certain prisoners, including plaintiff, to be handcuffed behind their backs when transported from prison. The District Court granted defendants' motion for summary judgment dismissing the complaint, finding, among other things, that: plaintiff's equal protection claim was meritless because the Department of Correction's policy to which he objected had a legitimate basis; his Eighth Amendment claim premised on deliberate indifference to serious medical needs was "baseless"; and his substantive due process claim based on defendants' alleged use of excessive force was without merit because he admitted that defendants used no such force (2005 WL 1863729, 2005 US Dist LEXIS 15993 [SD NY 2005]).

Plaintiff's present claim under the New York State Constitution's equal protection clause is barred by the doctrine of collateral estoppel since "the breadth of coverage under the equal protection clauses of the federal and state constitutions is equal" (*Pinnacle Nursing Home v Axelrod*, 928 F2d 1306, 1317 [2d Cir 1991]) and the District Court rejected plaintiff's equal protection claim under the federal constitution. Similarly, the District

Court's findings that plaintiff was not denied appropriate medical care and that defendants did not use excessive force on plaintiff fatally undermine plaintiff's negligence and substantive due process claims under the state constitution. Lastly, the Magistrate Judge who reviewed the motion and issued a report to the District Court recommended that plaintiff's procedural due process claim under the federal constitution should be dismissed because plaintiff offered no evidence that he was denied a procedure to challenge his classification as an inmate subject to the policy. District Court adopted the Magistrate Judge's report in its entirety. Thus, plaintiff's procedural due process claim under the state constitution, which asserts that he was denied the right to protest his classification, is barred by collateral estoppel.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Saxe, J.P., Gonzalez, Nardelli and McGuire, JJ.