■ ALEXANDER A. BENZEMANN, Appellant, v CITIBANK N.A. et al., Defendants, and TODD HOUSLANGER et al., Respondents. [53 NYS3d 33]—

Order, Supreme Court, New York County (Cynthia Kern, J.), entered on or about October 2, 2015, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss the complaint's causes of actions sounding in (1) negligence, (2) wrongful attachment and (3) violation of due process under the New York State Constitution against all defendants other than Citibank N.A. (Citi), unanimously affirmed, without costs.

This case arises from the restraining notices issued by defendants and the resulting restraints placed on plaintiff's bank accounts in 2008 and in 2011. Plaintiff's negligence claims against Todd Houslanger and Houslanger & Associates PLLC (together, the Houslanger defendants), an attorney and his law firm, fail because they do not owe a duty to plaintiff (*Art Capital Group, LLC v Neuhaus*, 70 AD3d 605, 607 [1st Dept 2010]). There are no allegations of privity or near-privity between the Houslanger defendants and plaintiffs, nor are there any non-conclusory allegations of their "fraud, collusion, malice or bad faith" (*Pecile v Titan Capital Group, LLC*, 96 AD3d 543, 544 [1st Dept 2012], *lv denied* 20 NY3d 856 [2013]). Dismissal of these claims was proper.

Plaintiff's negligence claims against defendants NCEP LLC (NCEP) and New Century Financial Services (New Century), the Houslanger defendants' clients, also fail. The sole allegations with respect to NCEP and New Century are that they were identified as the creditors on the restraining notices and that the Houslanger defendants created, issued and transmitted the notices under their control. These claims are conclusory and fail for the same reason as the negligence claim against

the Houslanger defendants, since they too are premised on attorney conduct.

Plaintiff's claim for "wrongful attachment," which alleges that the defendants were collectively responsible for plaintiff's property being wrongfully restrained, also fails. Plaintiff does not plead that there was an "attachment" governed by article 62 of the CPLR, but rather that there were restraining notices issued pursuant to CPLR 5222. "The mere fact that property has been subjected to some form of restraint does not serve as a basis for the statutory claim of wrongful attachment" (*Salamanca Trust Co. v McHugh*, 156 AD2d 1007, 1008 [4th Dept 1989]). We adopt the Fourth Department's reasoning.

Finally, the dismissal of plaintiff's cause of action for violation of due process under the New York State Constitution is also affirmed. This issue was already decided in a related federal court action, which dismissed the due process claims arising from the US Constitution for a failure to sufficiently allege a "state action" (*Benzemann v Citibank N.A.*, 2014 WL 2933140, \*8-9, 2014 US Dist LEXIS 88030, \*23-25 [SD NY 2014], *affd in part* 806 F3d 98 [2d Cir 2015], *cert denied* 580 US —, 137 S Ct 618 [2017]). We are thus barred from revisiting the issue by virtue of the doctrine of collateral estoppel (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 664 [1990]). Concur—Acosta, J.P., Richter, Andrias, Kahn and Gesmer, JJ.