Genger v TPR Inv. Assoc., Inc. (2020 NY Slip Op 02165)





Genger v TPR Inv. Assoc., Inc.


2020 NY Slip Op 02165


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Gische, J.P., Gesmer, Oing, Moulton, JJ.


11328 651089/10

[*1]Arie Genger, Plaintiff-Respondent, Orly Genger, etc., Plaintiff,
v
TPR Investment Associates, Inc., Defendant-Appellant, Sagi Genger, et al., Defendants.


Greenberg Traurig, LLP, New York (Carmen Beauchamp Ciparick of counsel), for appellant.
The Law Office of Peter J. Glantz, White Plains (Peter J. Glantz of counsel), for respondent.



Judgment, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about February 19, 2019, to the extent appealed from as limited by the briefs, awarding defendant TPR Investment Associates, Inc. attorneys' fees, and bringing up for review orders, same court and Justice, entered on or about May 19, 2015, and December 3, 2018, which reduced the amount of fees to which defendant was entitled by 80% and denied defendant prejudgment interest, unanimously modified, on the law, to vacate the 80% pro-rata reduction of fees, and otherwise affirmed, without costs.
Supreme Court correctly found that attorneys' fees that defendant incurred in a related Delaware proceeding and a prior appeal to this Court were sufficiently inseparable from the issues on vacatur of the preliminary injunction as to be properly recoverable here (see Republic of Croatia v Trustee of Marquess of Northampton 1987 Settlement , 232 AD2d 216 [1st Dept 1996]).
However, the court erred in ordering a "proration" of the attorneys' fees to correspond with the amount of proceeds covered by a voluntary escrow agreement. In a December 2011 order, upon plaintiff's motion, another justice had expanded the preliminary injunction to cover those funds as well. Further, plaintiff argued successfully on that motion that the escrow agreement was not sufficient restraint and that the preliminary injunction was required. He is barred by the doctrine of judicial estoppel from arguing now that the escrow agreement was the equivalent of the injunction (Nestor v Britt , 270 AD2d 192, 193 [1st Dept 2000]).
The court did not abuse its discretion in denying pre-judgment interest under CPLR 5001(a) in this equitable matter.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK