Quire v City of New York (2022 NY Slip Op 06184)

Quire v City of New York

2022 NY Slip Op 06184

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Index No. 154954/19 Appeal No. 16593 Case No. 2021-04108 

[*1]Brian Quire, Plaintiff-Appellant,
v
City of New York et al., Defendants-Respondents.

The Kurland Group, New York (Yetta G. Kurland of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for City of New York and New York City Police Department, respondents.
Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York (Jamie Haar of counsel), for Psychemedics Corporation and Thomas Cairns, respondents.

Order, Supreme Court, New York County (Dakota D. Ramseur, J.), entered on or about October 1, 2021, which granted defendants' motions to dismiss the second amended complaint, unanimously affirmed, without costs.
Plaintiff's claim that his termination from NYPD service based on allegedly unreliable hair drug testing results violated his due process rights under the New York State Constitution was correctly dismissed, as the "issue was already decided in a related federal court action, which dismissed [his] due process claims arising from the U.S. Constitution" (Benzemann v Citibank N.A., 149 AD3d 586, 587 [1st Dept 2017], appeal dismissed 33 NY3d 973 [2019]; see Quire v City of New York, 2021 WL 293819, 2021 US Dist LEXIS 16461 [SD NY, Jan. 28, 2021, No. 19-CV-10504 (RA)]). Because the due process issue was fully and fairly adjudicated in the federal action, plaintiff's claim is barred by collateral estoppel (see Murray v City of New York, 51 AD3d 502, 504 [1st Dept 2008], lv denied 11 NY3d 703 [2008]).
Plaintiff failed to address the court's dismissal of his other causes of action and the denial of leave to amend the complaint in his opening brief, and thus he has abandoned his appeal from those portions of the court's order (see DompÉ Farmaceutici S.P.A. v Lubris, LLC, 199 AD3d 515, 516 [1st Dept 2021]). Even if considered, plaintiff's arguments regarding both issues are unavailing. The motion court dismissed plaintiff's other causes of action for failure to state a claim and he raised no arguments on appeal as to the merits of those claims. Moreover, the motion court denied plaintiff leave to amend his complaint because it determined that amendment would be futile, and plaintiff failed to explain how he would improve his complaint such that it would avoid dismissal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022