Metropolitan Transp. Auth. v Trinity NYC Hotel, LLC (2025 NY Slip Op 00380)

Metropolitan Transp. Auth. v Trinity NYC Hotel, LLC

2025 NY Slip Op 00380

Decided on January 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 23, 2025

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Higgitt, Michael, JJ. 

Index No. 452008/23 Appeal No. 3558 Case No. 2024-03664 

[*1]Metropolitan Transportation Authority et al., Plaintiffs-Appellants,
v
Trinity NYC Hotel, LLC, Defendant-Respondent.

Tarter Krinsky & Drogin, LLP, New York (John G. Nicolich of counsel), for appellants.
Herrick, Feinstein LLP, New York (William R. Fried of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered on or about May 17, 2024, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), unanimously modified, on the law, to deny the motion as to the fourth cause of action and to remand for a hearing on damages, and otherwise affirmed, without costs.
The court properly dismissed the first cause of action for breach of the covenant of good faith and fair dealing implied in the first amendment to the easement agreement. The first amendment states defendant "consents to work being performed by [plaintiff New York City Transit Authority] and/or third parties . . . within the sidewalk and vault space adjacent to [defendant's] Property for the construction of [a] New Elevator and the New Stair." Contrary to plaintiffs' contention, defendant did not consent to change its construction schedule to accommodate the construction of the new elevator, and the first amendment should not be interpreted to impliedly state something "which the parties have neglected to specifically include" (Rowe v Great Atl. & Pac. Tea Co., 46 NY2d 62, 72 [1978]). Plaintiff Metropolitan Transportation Authority (MTA) assured defendant in writing that it "may proceed with construction on its own schedule and is not required to halt or speed up construction based on the installation schedule of the New Elevator." Ultimately, plaintiffs received the "fruits of the contract" (Singh v City of New York, 40 NY3d 138, 146 [2023] [internal quotation marks omitted]) in that defendant constructed the MTA Room contemplated under the first amendment.
The court correctly dismissed the second cause of action for private nuisance, because the MTA's right to occupy the street and sidewalk does not constitute a sufficient "property" right for a private nuisance claim (see generally Copart Indus. v Consolidated Edison Co. of N.Y., 41 NY2d 564, 570 [1977]). In a prior appeal involving the same parties, we determined, albeit concerning a trespass claim, that "[t]he MTA's right to occupy the street and sidewalk [pursuant to Public Authorities Law § 1266(12)] does not constitute sufficient property rights" (Matter of Trinity NYC Hotel, LLC v Metropolitan Transp. Auth., 191 AD3d 448, 450 [1st Dept 2021] [internal quotation marks omitted]). Furthermore, plaintiffs allege only economic loss, namely, the amount by which the cost to construct an elevator and repair stairs allegedly exceeds a payment that a nonparty made to plaintiffs, which is insufficient (see Cedar & Wash. Assoc., LLC v Bovis Lend Lease LMB, Inc., 95 AD3d 448, 449 [1st Dept 2012]).
The court properly dismissed the third cause of action for public nuisance because there was no "substantial interference . . . with the use by the public of a public place" (532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 292 [2001]; see also Graceland Corp. v Consolidated Laundries Corp., 7 AD2d 89, 91 [1st Dept 1958], affd 6 NY2d 900 [1959[*2]]). The documentary evidence demonstrates that, during construction, defendant maintained a five-foot clear protected pedestrian walkway. Moreover, a claim for public nuisance fails where, as here, a plaintiff "seeks damages for purely economic losses" (Goldberg Weprin & Ustin v Tishman Constr. Corp., 275 AD2d 614 [1st Dept 2000], affd 96 NY2d 280 [2001]).
However, the court should not have dismissed the fourth cause of action seeking "damages and costs that [plaintiffs] sustained as a result of the preliminary injunctions improperly granted" by the court in the prior litigation. It was "finally determined" (CPLR 6312[b]) that defendant was not entitled to injunctions in the prior litigation when we vacated the injunctions (see Trinity NYC Hotel, LLC, 191 AD3d at 448-449) and when our decision stood "undisturbed" (Margolies v Encounter, Inc., 42 NY2d 478, 481 [1977]) because the parties in the prior litigation discontinued it without prejudice in April 2023.
Defendant's contention, that it need only pay on the undertaking if the rights of the parties were finally determined in the prior litigation, is unavailing, as "'liability under CPLR 6312(b) turns on whether it is finally determined that [a party] was not entitled to an injunction'" (Matter of Technicare Corp. v New York City Health & Hosps. Corp., 131 AD2d 371, 374 [1st Dept 1987], quoting J.A. Preston Corp. v Fabrication Enters., 68 NY2d 387, 406 (1986)] [internal quotation marks and emphasis omitted]).
Defendant also contends that plaintiffs may not recover the cost of the new elevator from the undertaking. However, on the fourth cause of action, plaintiffs seek "attorneys' fees and costs incurred in their successful appeals of the [motion court's] orders to the Appellate Division" in the prior litigation, which is proper (see Shu Yiu Louie v David & Chiu Place Rest., 261 AD2d 150, 152 [1st Dept 1999]). We remand for a hearing on the amount of damages sustained by plaintiffs (see id. at 152).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 23, 2025