CMB Export Infrastructure Inv. Group 48, LP v Motcomb Estates, Ltd.
2026 NY Slip Op 03628
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

CMB Export Infrastructure Investment Group 48, LP, Plaintiff-Respondent,
v
Motcomb Estates, Ltd., et al., Defendants-Appellants, CDCF IV Century Mezz, LLC et al., Defendants.

Decided and Entered: June 09, 2026
Index No. 653821/22|Appeal No. 6828|Case No. 2025-01843|
Before: Moulton, J.P., Friedman, Pitt-Burke, Rosado, Michael, JJ.

Fried, Frank, Harris, Shriver & Jacobson LLP, New York (Matthew D. Parrott of counsel), for appellants.
Lewis Brisbois Bisgaard & Smith LLP, New York (Stephen G. Rickershauser and Jonathan M. Preziosi of the bar of the State of New Jersey, admitted pro hac vice, of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about February 19, 2025, which granted the motion of defendants Motcomb Estates, Ltd. and Reuben Brothers, Ltd., pursuant to CPLR 6312 and 6315 for an award of the full amount of the preliminary injunction undertaking posted by plaintiff to the extent of awarding against the undertaking attorneys' fees and costs incurred by Motcomb and Reuben Brothers in seeking to vacate the injunction, and referring the matter to a judicial hearing officer or special referee to hear and report on the issue of the amount of attorneys' fees and costs incurred in connection with Motcomb and Reuben Brothers' motion to reargue and renew the preliminary injunction motion and their appeals from the orders granting the injunction and denying renewal of the underlying motion, unanimously modified, on the law, and the scope of the reference expanded to include counsel fees and costs of discovery related to not only the items initially referred, but also the motion to renew the motion to dismiss, the appeal from that denial, the appeal from denial of the motion to dismiss itself, discovery which led to the vacatur of the injunction, and the motion to recover the bond and to oppose its imposition in the first place, in addition to calculation of lost interest, if any, from the imposition of the preliminary injunction on February 28, 2023 through April 9, 2023, and otherwise affirmed, without costs.
The attorneys' fees and discovery costs that Motcomb and Reuben Brothers incurred in moving to renew the motion to dismiss, the appeal to this Court from denial of that motion, and the appeal to this Court from the motion to dismiss, premised on discovery that reflected that there was no basis for plaintiff's action and attendant preliminary injunction, were sufficiently inseparable from the issues on vacatur of the preliminary injunction as to be properly recoverable here (see Genger v TPR Inv. Assoc., Inc., 182 AD3d 417, 418 [1st Dept 2020]; Republic of Croatia v Trustee of Marquess of Northampton 1987 Settlement, 232 AD2d 216, 216 [1st Dept 1996]). Moreover, we find that Motcomb and Reuben Brothers are entitled to counsel fees incurred in making the motion to collect on the bond pursuant to CPLR 6312(b) and CPLR 6315, as well as those fees incurred in opposing plaintiff's initial filing of the bond as untimely, since those costs were also incurred in seeking to vacate the preliminary injunction.
In addition, Motcomb and Reuben Brothers are entitled to establish damages, if any, due to lost interest from February 28, 2023 through April 9, 2023, the date on which the parties entered into a forbearance agreement (see e.g. Shu Yiu Louie v David & Chiu Place Rest., 261 AD2d 150, 152 [1st Dept 1999]; Republic of Croatia, 232 AD2d at 216; Lelekakis v Kamamis, 103 AD3d 693, 697 [2d Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026